(84 South. 574).

No. 22810.

MILLET et al. v. ROWND et al.

(May 3, 1920.)

*(Syllabus by Editorial Staff.)*

**Appeal and error** ⟨⟩330(1)—**Appeal will be dismissed on motion of defendant and transferee of plaintiffs' judgment.**

Where act of transfer of judgment for them by plaintiff appellants is in authentic form, and a duly certified copy of it is annexed to motion to dismiss appeal made by transferee and defendant receiver, while plaintiff appellants are not resisting the dismissal, as they have made no appearance in opposition, appeal will be dismissed.

Appeal from Twenty-Fifth Judicial District Court, Parish of Livingston; W. Schofield Rownd, Judge.

Suit by Albert Millet and others against W. E. Rownd, receiver of the S. J. McKenzie Lumber Company, and others. From judgment for plaintiffs, conditioned on liability for costs of a receivership, plaintiffs appeal. Appeal dismissed.

Edrington & Edrington, of New Orleans, for appellants.

Bolivar E. Kemp, of Amite, and Wm. Winans Wall, of New Orleans, for appellees.

PROVOSTY, J. The three plaintiffs and a large number of other landowners deeded their lands to the McKenzie Lumber Company in pursuance of a contract by which said company was to issue and negotiate bonds secured by mortgage on the properties, and out of the proceeds of the sale of the bonds pay the purchase price mentioned in the deed. The scheme fell through, as the result of the inability of the McKenzie Company to float the bonds. The company then executed deeds of retransfer to the plaintiffs and their associates. But before the act of retransfer was recorded the company went into the hands of a receiver, and the lands of plaintiffs were inventoried as belonging to the receivership. Plaintiffs then brought this suit to recover their lands. They obtained judgment, but conditioned that the lands should be liable for the costs of the receivership. Because of this condition in the judgment, plaintiffs appealed. After the appeal had been lodged in this court, plaintiffs sold their judgment to Henry M. Young, trustee. Whom Young is trustee for, the record does not show. The transfer to Young was made with the consent of the receiver. Young and the receiver have moved to dismiss the appeal on the ground that the appellants have no longer any interest therein. The act of transfer is in authentic form, and a duly certified copy of it is annexed to the motion to dismiss. Apparently appellants are not resisting the dismissal, as they have made no appearance in opposition to it.

Appeal dismissed.